Hernández, Plaintiff and Appellee, v. Delgado, Defendant
and Appellant.

Appeal from the District Court of Humacao in an Action
of Debt.

No. 2681.—Decided February 23, 1923.

Obligation—Surety and Principal.—The plaintiff having signed a joint obliga-
tion in favor of a certain creditor without any benefit to himself and only
to accommodate the defendant, who also signed the obligation jointly, it is
necessary to conclude that there existed the legal relation of surety and
principal between the plaintiff and the defendant. Section 1728 of the
Civil Code was enacted for the protection of persons sued as sureties and,
therefore, is not applicable to this case.

Id.—Id.—Pleading—Admission.—In an action by the surety against the princi-
pal for the amount of the obligation, the complaint does not state sufficient
facts if it fails to allege that the surety paid the debt; but if the defendant
admits during the trial that the plaintiff actually paid the creditor, the
defect in the complaint is thereby cured.

The facts are stated in the opinion.

Mr. A. Aponte, Jr., for the appellant.

Mr. F. González for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

José J. Hernández, Pedro Delgado and R. Morales & Co.
signed a joint promissory note for $700 payable to the Banco
Territorial y Agrícola on February 4, 1918. In September
of that year José J. Hernández sued Pedro Delgado for the
amount of the note, alleging that at the request of the de
fendant he signed the said promissory note as an indorser;
that Delgado disposed of its amount and did not pay the
note at its maturity: that the payee bank brought an action
against the three signers of the note to recover the principal,
interest, costs, expenses and attorney's fees; that property
of the plaintiff was attached, and that R. Morales & Co.
have absolutely no property.

Judgment having been rendered against the defendant
for the sum of $861.54 and the costs, he took the present
appeal and alleges as its first ground that the trial court

erred in overruling his demurrer that the complaint 'did not set up facts sufficient to constitute a cause of action.

The contention of the appellant is that if the plaintiff is a surety, as he averred in the complaint, he must allege that he paid the obligation in order to have a right to be indemnified by his principal, according to sections 1739 and 1740 of the Civil Code; but the appellee alleges that even without having paid the note he has a cause of action against his principal under section 1744 of the Code, because the obligation had matured and because he had been sued for payment by the payee.

In accordance with sections 1739 and 1740, payment by the surety subrogates him to all of the rights which the creditor had against the debtor and gives him a right of action to be indemnified by the latter; therefore, the complaint in this case does not allege facts sufficient to constitute a cause of action, because the surety did not allege that he had paid the note for his principal, and the fact that the obligation had matured and the surety had been sued for its payment does not give him a right of action to recover, inasmuch as the cases referred to by the appellee, which are those mentioned in section 1744, do not give the surety a right of action to recover the amount, but only to obtain from the debtor his release from the security or a guaranty to defend him against any proceedings of the creditor and from the danger of insolvency of the debtor, as expressly provided in the last subdivision of the said section. However, we shall not reverse the judgment of the lower court for that reason, because the defendant admitted voluntarily at the trial in a stipulation made with the plaintiff and presented to the court that the plaintiff paid the Banco Territorial y Agrí cola the amount of the promissory note, thus making ap plicable the maxim, *consensus tollit errorem*.

The second assignment of error is that the appellant was adjudged to pay the whole of the debt.

There is no question in this action of the legal relation-ship between the plaintiff and the creditor, but of that which arose between the plaintiff and defendant Pedro Delgado by reason of the facts stated; and in view of the fact that the plaintiff signed a joint obligation in favor of the creditor without receiving any benefit and only to accommodate Pedro Delgado, it follows that there existed between them the relationship of surety and principal, because Hernández trusted Delgado to pay the said obligation and believed that in case he should have to pay it himself Delgado would reimburse him. Section 1728 of the Civil Code, which the appellant cites to show that the plaintiff was not his surety, and according to which security must be express and is not presumed, is not applicable to this case, for it was enacted for the protection of persons sued as sureties.

For the foregoing reasons the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.